NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TORRES CONSULTING AND LAW
GROUP, LLC,

                    Plaintiff-Appellant,

 v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

                    Defendant-Appellee.

No.    17-16075

D.C. No. 2:15-cv-01905-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 18, 2018
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EATON,** Judge.

Torres Consulting and Law Group, LLC ("Torres") appeals a summary

judgment holding that a Freedom of Information Act request was on behalf of a

commercial user and subject to the fees provided for such users under 5 U.S.C.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        Richard K. Eaton, Judge of the United States Court of International
Trade, sitting by designation.

§ 552(a)(4)(A)(ii)(I) and 38 C.F.R. § 1.561(c)(i). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A "commercial use" requester is one who seeks the "information for a use or purpose that furthers . . . commercial, trade, or profit interests, [including] furthering those interests through litigation." 38 C.F.R. § 1.561(b)(2). Torres requested information from the Department of Veteran Affairs ("VA") on behalf of its client, the Colorado Building and Construction Trades Council ("CBCTC"), in order to determine whether government contractors were complying with the Davis-Bacon Act. The VA categorized Torres as a commercial use requester, because CBCTC sought to further the commercial interests of its member unions. The district court agreed, stating that, "As a representative of unions, CBCTC gains value and helps its member[s] by removing the competition that does not comply with Davis-Bacon."

We affirm. The proposed use of the requested information was to submit complaints to the Department of Labor for violations of federal wage law. The VA did not err in classifying that use as commercial under the governing regulation. Although Torres argues that the VA impermissibly based its determination on CBCTC's identity, rather than the use to which it would put the requested information, the record indicates that the VA's analysis was proper. It reasoned that CBCTC was not in a position to disseminate information for the public benefit, and

2

although it did note CBCTC's identity and stated mission in its analysis, consideration of a requester's identity for the purpose of determining use is not prohibited. The VA concluded that "[CBCTC] is in business for the benefit of its Union members," not "to inform the public." Under the "commercial" definition of § 1.561(b)(2), the district court correctly affirmed the VA's finding that Torres was a commercial use requester, acting on behalf of a client who would use the information to materially benefit the unions it represented.

**AFFIRMED**